UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAMELA CARVEL,

                    Plaintiff,

   -against-

DOUGLAS DURST, JON ADAMS, CORBALLY,
GARTLAND & RAPPLEYEA, LLP, JOSEPH
BRASILE, ROSENBERG & ESTES, P.C.,
DUTCHESS COUNTY COMMISSIONER OF
FINANCE, DUTCHESS COUNTY ATTORNEY,
JOHN/JANE DOE 1-20, DOE CORP. 1-20, DOE,
LLC 1-20, DOE, LLP 1-20, DOE SURETY/
INSURANCE 1-20,

                    Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

09 Civ. 6733 (LAP) (GAY)

TO THE HONORABLE LORETTA A. PRESKA, United States District Judge:

This action arises out of the Durst defendants'[1] attempts to acquire ownership of real property owned by Lartrym Services, Inc. ("Lartrym") and leased to plaintiff Pamela Carvel. Presently before this Court is the Durst defendants' motion to dismiss (1) on procedural grounds and (2) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the reasons that follow, I respectfully recommend that Your Honor grant the instant motion.

## I. BACKGROUND

Plaintiff Pamela Carvel is the niece of the late Thomas and Agnes Carvel. The

---

[1] The "Durst defendants" are Douglas Durst and the "attorney defendants": attorney Jon Adams, the law firm of Corbally, Gartland & Rappleyea (Mr. Adams' employer), attorney Joseph Brasile and the law firm of Rosenberg & Estes (Mr. Brasile's employer). The named "County defendants" are the Dutchess County Commissioner of Finance and the Dutchess County Attorney.

subject property was their home in Dutchess County. Thomas Carvel died in 1990. Agnes survived Thomas and died in 1998. Plaintiff was appointed sole executor and personal representative of Agnes Carvel's estate.

Prior to her death, Agnes Carvel placed the subject property into a trust. On or about January 27, 1998, pursuant to the terms of the trust, Lartrym took title to the subject property. Lartrym thereafter leased occupancy of the subject property to Pamela Carvel who, in turn, remains responsible for the costs and maintenance related to the property.

Plaintiff alleges that, in 2002, Lartrym began negotiations for the sale of the property to defendant Durst, but no deal was reached. During these negotiations, according to plaintiff, Lartrym notified Durst's counsel that property taxes from 2001-2002 were outstanding. Plaintiff alleges that Durst, through his alter ego, 1133 Taconic Realty, LLC ("Taconic"), thereafter attempted to fraudulently gain title to the property by paying Lartrym's outstanding property taxes in order to acquire forecloseable tax liens on the property. Plaintiff alleges that Durst paid the outstanding taxes through his agent, and then instituted a foreclosure action in New York State Supreme Court in an attempt to foreclose the tax liens and acquire title to the property. Lartrym did not appear in the foreclosure action due to the fact that both Dutchess County and Durst's counsel sent Notice of the action to Lartrym at an incorrect address. Nonetheless, the state court granted Durst's application for default judgment.

On March 7, 2005, the state court vacated the default judgment on the foreclosure action initiated by Taconic, on the grounds that Taconic had not made service at a place reasonably calculated to actually inform Lartrym of the foreclosure

2

action. Taconic thereafter renewed its foreclosure action seeking title to the property based upon its payment of delinquent real estate taxes. On November 9, 2005, the state court granted summary judgment to Lartrym on the ground that Taconic's action was improperly brought pursuant to RPTL Section 1194 which provides only for municipalities to foreclose upon property tax liens. On June 21, 2006, the state court ordered that the referee's deed transferring title to the property to Taconic be declared null and void and without force and effect, that it be disregarded, and that the property should continue to be held in the name of Lartrym Services, Inc.

In 2009, the Durst defendants commenced new litigation against Lartrym alleging unjust enrichment and seeking reimbursement for real property taxes paid. By Decision and Order dated May 26, 2010, the Dutchess County Supreme Court (Brands, J.) denied Taconic's motion for summary judgment and awarded summary judgment *sua sponte* to Lartrym on the following grounds:

> As defendant [Lartrym] argues, during the time when plaintiff [Taconic] had legal possession and control of the subject property due to plaintiff's illegal and improper conduct, it was plaintiff's obligation to pay the real property taxes for that property. Further, the plaintiff is barred by the doctrine of unclean hands from seeking the equitable remedy of recovering the taxes paid on the basis of unjust enrichment. The plaintiff's claim that defendant was unjustly enriched by plaintiff's payment of real property taxes on defendant's property must fail where plaintiff made those payments in order to wrongfully obtain title to the property and additionally, made tax payments while it was in legal and/or actual or [sic] possession of that property. Defendant incurred significant expenses to regain legal title to the property of which she was wrongfully deprived by plaintiff's misconduct, or that of plaintiff's agent.

See Notice of Motion, Exhibit H.

On or about July 29, 2009, plaintiff Carvel filed the instant *pro se* complaint wherein she claims injury from the Durst defendants' allegedly fraudulent attempt to

acquire the property. Specifically, plaintiff alleges damages for emotional harm and pecuniary loss suffered during the period when the Durst defendants improperly pursued acquisition of the property and during the period when Durst held title to the property. Plaintiff also seeks to hold the County defendants liable for knowingly or negligently aiding or effectuating the Durst defendants' illegal acquisition of title to the property.[2]

## II. RULE 12(b)(6) STANDARD OF REVIEW

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The court must analyze the complaint under a two-pronged approach: (1) determine

---

[2] By Report and Recommendation to the Hon. Richard Owen dated October 18, 2010, the undersigned recommended that the Court grant the County defendants' motion to dismiss.

which statements are well-pleaded factual allegations and assume their veracity, and (2) "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Statements deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth. Id. at 1950-51.

## III. SECTION 1983 CLAIMS: STATE ACTOR

Plaintiff asserts claims against the Durst defendants for "the deprivation of fundamental federally guaranteed rights," arising under 42 U.S.C. §1983. In order to state a claim under § 1983, plaintiff must allege that she was injured by either a state actor or a private party acting under color of state law. See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir.2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.") (internal quotations and citations omitted). Private parties act under the color of state law if they jointly participate or conspire with a state actor to violate an individual's federal rights. See Fisk v. Letterman, 401 F. Supp.2d 362, 376 (S.D.N.Y. 2005). Here, plaintiff alleges that the Durst defendants are liable under 42 U.S.C. § 1983 because they conspired with the County defendants to deprive plaintiff of her constitutional rights.

"To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir.1992). More specifically, "[a §] 1983 conspiracy claim requires (1) an agreement between two or more state actors or between a state actor and a private

entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." See Deskovic v. City of Peekskill, 894 F. Supp.2d 443, 465 (2d Cir. 2012) (quotation and citation omitted). "A plaintiff is not required to list the place and date of defendants' meeting and the summary of their conversations when he pleads conspiracy . . . but the pleadings must present facts tending to show agreement and concerted action." Fisk, 401 F. Supp.2d at 376 (internal quotations and citations omitted). "Without a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy." Id. (internal quotations and citations omitted).

Here, apart from her conclusory assertions of conspiracy, plaintiff has not set forth any allegations of an agreement or "meeting of the minds" between the Durst defendants and the County defendants. "Merely conclusory allegations that a private individual or entity acted in a concert with a state actor does not suffice to state a Section 1983 claim against the private actor." See Ciambriello, 292 F.3d at 324. Absent sufficient allegations of a conspiracy between the Durst defendants and the County defendants, plaintiff fails to state a § 1983 claim against the Durst defendants. Courts in the Second Circuit "have held that litigants . . . and lawyers . . . are not clothed with the state's authority because they are using the state's judicial process or because they are officers of the court." See Srubar v. Rudd, 875 F. Supp. 155, 163 (S.D.N.Y. 1994) (internal citations omitted). Moreover, "[l]aw firms and lawyers are clearly not state entities for the purposes of a Section 1983 claim." Id. (internal quotations citations omitted). Accordingly, I conclude, and respectfully recommend, that plaintiff's § 1983 claims against the Durst defendants must be dismissed.

## IV. STATUTE OF LIMITATIONS

### A. Section 1983 Claims

Alternatively, plaintiff's § 1983 claims against the Durst defendants are time-barred and must be dismissed. Although 42 U.S.C. § 1983 does not specify a statute of limitations, federal courts apply the analogous state period for personal injury claims. See Curto v. Edmundson, 392 F.3d 502, 503-05 (2d Cir. 2004). Thus, to the extent plaintiff's claims against the Durst defendants arise under § 1983, they are subject to a three-year statute of limitations. See N.Y. C.P.L.R. §214(5); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (quotation and citation omitted). Here, plaintiff's claims against the Durst defendants accrued, at the very latest, on June 21, 2006–the date the referee's deed was declared null and void. Plaintiff commenced the instant lawsuit on July 24, 2009. Therefore, any claims against the Durst defendants for constitutional violations pursuant to § 1983 are time-barred, unless the statute of limitations has been tolled.

### B. New York Judiciary Law § 487

Plaintiff asserts a claim under New York Judiciary Law § 487[3] against the attorney defendants on the ground that they deliberately deceived the courts, the

---

[3] New York Judiciary Law § 487 provides that "[a]ny attorney who is guilty of any deceit or collusion . . . with the intent to deceive the court or any party . . . forfeits to the party injured treble damages to be recovered in a civil action."

7

County defendants and plaintiff via their acts in furtherance of Durst's illegal scheme to acquire the subject property. "[A]n action to recover upon a liability, penalty or forfeiture created or imposed by statute" must be commenced within three years. C.P.L.R. § 214(2). Thus, plaintiff's § 487 claim is subject to a three year statute of limitations. See Melcher v. Greenberg Traurig, LLC., 102 A.D.3d 497, 499, 958 N.Y.S.2d 362, 363 (1st Dep't 2013). Further, "[a]n action seeking damages under Judiciary Law § 487 must be commenced within the longer of three years from the time of the underlying deceit or collusion or within two years from the time the deceit or collusion was discovered, or with reasonable diligence, could have been discovered." Id. Here, plaintiff's claims against the attorney defendants accrued, at the very latest, on June 21, 2006–the date the referee's deed was declared null and void. Plaintiff commenced the instant lawsuit on July 24, 2009. Thus, plaintiff's § 487 claims are time-barred, unless the statute of limitations has been tolled.

### C. Claims Sounding in Tort

The Court construes plaintiff's remaining allegations against the Durst defendants as asserting claims which arise under state tort law, including fraud, negligence, unjust enrichment and the like. With the exception of plaintiff's fraud claim, her remaining claims against the Durst defendants are subject to a three-year statute of limitations. See N.Y. C.P.L.R. §214(4),(5). Said claims accrued, at the very latest, on June 21, 2006–the date the referee's deed was declared null and void. Plaintiff commenced the instant lawsuit on July 24, 2009. Therefore, with the exception of her fraud claim, plaintiff's tort claims against the Durst defendants are time-barred unless the statute of limitations has been tolled.

### D. Tolling

Plaintiff argues that she has demonstrated reasonable care and diligence and, therefore, that the statute of limitations should be tolled. Apart from plaintiff's conclusory statements, however, she alleges no facts which would justify the application of equitable estoppel or equitable tolling. "The doctrine of equitable estoppel bars a defendant from raising a statute of limitations defense where the plaintiff shows that the defendant's affirmative misconduct caused the plaintiff to bring suit in a defective manner." Moultrie v. Potter, No. 04 Civ. 6887, 2006 WL 1495234, at *6 (S.D.N.Y. May 31, 2006). "Equitable tolling is a rare remedy to be applied in unusual circumstances." Wallace v. Kato, 127 S. Ct. 1091, 1100 (2007). In order for equitable tolling to apply, the court must conclude that plaintiff "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation and citation omitted). Further, equitable tolling is "available only when the plaintiff's failure to meet a deadline is the result of someone else's error." See German v. Pena, 88 F. Supp.2d 216, 221 (S.D.N.Y. 2000). Plaintiff has not alleged any affirmative misconduct on the part of a defendant–or anyone else–which would warrant the application of either doctrine.

### E. Continuing Violation

Plaintiff also contends that her claims against the Durst defendants are not time-barred because their acts are ongoing and, thus, constitute a continuing violation. In support of her contention, plaintiff points to the most recent litigation in state court between the Durst defendants and Lartrym wherein the Durst defendants sought

9

recovery of the taxes paid. The litigation concluded on May 26, 2010, upon Decision and Order of the Dutchess County Supreme Court awarding summary judgment to Lartrym and dismissing the action.

In the first instance, the continuing violation doctrine has "usually–but not exclusively–been applied in the context of Title VII discrimination claims." See Remigo v. Kelly, No. 04 Civ. 1877, 2005 WL 1950138, at *6 (S.D.N.Y. Aug. 12, 2005). Even assuming its applicability here, plaintiff would be unable to rely on the continuing violation doctrine to render timely her claims against the Durst defendants. "The continuing wrong doctrine provides that, in certain cases involving continuous or repeated wrongs, the statute of limitations accrues upon the date of the last wrongful act." Margrabe v. Sexter & Warmflash, P.C., No. 07-CV-2798, 2009 WL 361830, at *7 (S.D.N.Y. Feb. 11, 2009). However, "[a]s a general rule, courts in the Second Circuit have viewed continuing violation arguments with disfavor." See Curtis v. Airborne Freight Corp., 87 F. Supp.2d 234, 244 (S.D.N.Y. 2000). See also Young v. Strack, 05-CV-9764, 2007 WL 1575256, at *4 (S.D.N.Y. May 29, 2007) ("[T]he continuing violations doctrine is disfavored and should be applied only in compelling circumstances.") (internal quotation marks and citations omitted). "In addition, a continuing violation may not be based on the continuing effects of earlier unlawful conduct or on a completed unlawful act." McFadden v. Kralik, No. 04 Civ. 8135, 2007 WL 924464, at *7 (S.D.N.Y. Mar. 28, 2007).

Here, the litigation upon which plaintiff relies is insufficient to support a continuing violation claim. Although plaintiff was not a party to the underlying litigation, she points to the state court's decision which states: "Defendant incurred significant expenses to

regain legal title to the property of which she was wrongfully deprived by plaintiff's misconduct, or that of plaintiff's agent." See Notice of Motion, Exhibit H. Plaintiff further argues that the state court denied her recovery for the "significant expenses" because she was not the named defendant in the underlying action and, thus, she filed the instant complaint to recover her loss. Plaintiff's "continuing violation" theory is plainly intertwined with the instant action and, at best, demonstrates only that she claims to suffer continuing effects from the Durst defendants' allegedly wrongful prior conduct. Moreover, the conduct of which plaintiff complains–the Durst defendants' illegal acquisition of title to the property–constitutes a discrete act, which was "completed," at the very latest, on June 21, 2006–the date the referee's deed was declared null and void. Plaintiff alleges no facts evidencing continuous or repeated wrongs on the part of the Durst defendants which would justify application of the continuing violation doctrine to render timely her claims against them. A continuing violation may not be based on "the fact that the plaintiff's ongoing protests, objections, requests for reconsideration, and persistent demands for administrative and judicial review have caused the dispute to linger to the present day." See Yip v. Board of Trustees of State Univ. of New York, No. 03 Civ. 959, 2004 WL 2202594, at *5 (W.D.N.Y. Sept. 29, 2004).

In sum, plaintiff's claims against the Durst defendants' pursuant to 42 U.S.C. § 1983, New York Judiciary Law § 487 and state tort law (except for her fraud claim) are time-barred. Plaintiff alleges no facts which would warrant application of either equitable estoppel or equitable tolling. Nor may plaintiff rely upon the continuing violation doctrine to render timely said claims against the Durst defendants. Accordingly, I conclude, and respectfully recommend, that plaintiff's § 1983 claims, §

487 claim and tort claims (other than fraud) against the Durst defendants must be dismissed.

## V. FRAUD

Under New York law, a plaintiff alleging fraud must prove: "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir. 1997). Furthermore, under the heightened pleading standard imposed by FRCP 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." See Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 187 (2d Cir. 2004) (quotation and citation omitted). "Allegations that are conclusory or unsupported by factual assertions are insufficient." Vandermark v. City of New York, 615 F. Supp.2d 196, 203 (S.D.N.Y. 2009) (quotation and citation omitted).

Here, plaintiff fails to sufficiently allege essential elements of her fraud claim, *to wit*, that she reasonably relied on the Durst defendants' fraudulent misrepresentation or that her damages stemmed therefrom. In her opposition to the instant motion, plaintiff argues that she reasonably relied on the Durst defendants' "representations to pay the agreed $350,000 price, without suspecting that Durst Defendants' actual intentions were to act illegally to steal the property, house and contents." See Plaintiff Pamela Carvel's

Memorandum of Law in Opposition to Durst Defendants' Motion to Dismiss, at 3. However, in her complaint, plaintiff specifically alleges that Lartrym and Taconic did not reach an agreement for the sale of the property. See Complaint, ¶ 20-31. Further, plaintiff does not allege that she vacated the property and abandoned her personal belongings because she reasonably believed title had passed–or would pass–pursuant to the sale. Rather, she claims that the Durst defendants illegally obtained title to the property and then changed the locks, stole plaintiff's property and let the house fall into disrepair. Thus, plaintiff's damages arose not from her reasonable reliance upon the Durst defendants' fraudulent misrepresentations but rather from their misappropriation of physical possession and control of the property. Accordingly, I conclude, and respectfully recommend, that plaintiff's claim for fraud against the Durst defendants must be dismissed.

## VI. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that Your Honor grant the instant motion and dismiss all claims against the Durst defendants.

## VII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable

Loretta A. Preska, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Loretta A. Preska and not to the undersigned.

Dated: October 11, 2013  
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.