UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-14

PAMELA CARVEL,

                Plaintiff,

-v-

DOUGLAS DURST, *et al.*,

                Defendants.

No. 09 Civ. 6733 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Pamela Carvel brings this action against two groups of Defendants – the Durst Defendants and the County Defendants[1] – for claims arising under state tort law and pursuant to 42 U.S.C. § 1983. Now before the Court are the motion of the County Defendants and the motion of the Durst Defendants to dismiss Plaintiff's claims, as well as the October 18, 2010 Report and Recommendation of Magistrate Judge George A. Yanthis recommending dismissal of all of Plaintiff's claims against the County Defendants (the "October 18 R&R") and the October 11, 2013 Report and Recommendation of Magistrate Judge Yanthis recommending dismissal of all of Plaintiff's claims against the Durst Defendants (the "October 11 R&R"). For the reasons set forth below, the Court adopts both R&Rs in their entirety and grants Defendants' motions.

I. BACKGROUND

    The above-entitled matter was assigned to my docket on February 7, 2014.[2] On, July 29, 2009, Plaintiff, who is proceeding *pro se*, brought this action asserting claims arising under state

---

[1] The "Durst Defendants" include Douglas Durst, attorney Jon Adams, the law firm of Corbally, Gartland & Rappleyea (Mr. Adams' employer), attorney Joseph Brasile, and the law firm of Rosenberg & Estes (Mr. Brasile's employer). The named "County Defendants" include the Dutchess County Commissioner of Finance and the Dutchess County Attorney

[2] This case was initially assigned to the Honorable Laura Taylor Swain. On August 7, 2009, this case was reassigned the Honorable Stephen C. Robinson. On August 2, 2010, this case was reassigned the Honorable Richard Owen. The case was subsequently reassigned to the Honorable Loretta A. Preska on October 3, 2013.

tort law and pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that the Durst Defendants fraudulently attempted to acquire ownership of real property leased to Plaintiff, and that the County Defendants knowingly or negligently aided in that acquisition. By Order dated August 11, 2009, Judge Robinson referred this action to the Honorable George A. Yanthis, Magistrate Judge, for all matters. (Doc. No. 3.) The County Defendants filed a motion to dismiss on January 22, 2010. (Doc. No. 9.) On October 18, 2010, Judge Yanthis issued the October 18 R&R recommending dismissal of all of Plaintiff's claims against the County Defendants. The parties were required to file their objections to the October 18 R&R with Judge Owen by November 4, 2010. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(d). On November 10, 2010, six days after the filing deadline for objections, Plaintiff filed a motion for an extension of time in which to file her objection to the October 18 R&R. (Doc. No. 21.) Despite the fact that Judge Owen had not granted her request for an extension, on December 8, 2010, Plaintiff nonetheless submitted her objections as an attachment to her reply memorandum in support of her motion to extend. (Doc. No. 25.)[3] Meanwhile, on November 10, 2010, the Durst Defendants filed a motion to dismiss. (Doc. No. 23.)[4] On October 11, 2013, Judge Yanthis issued the October 11 R&R recommending dismissal of all of Plaintiff's claims against the Durst Defendants. (Doc. No. 29.) The parties were required to file their objections to the October 11 R&R by October 28, 2013. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(d). In the October 11 R&R, Judge Yanthis advised the parties that failure to file timely objections to the R&R would constitute a waiver of those objections. No party has filed

---

[3] There is no indication on the docket that the Court ever ruled on Plaintiff's motion for an extension of time to file her objection.

[4] While the second motion to dismiss was pending in front of Judge Yanthis, the Court received a letter, dated April 8, 2011 and docketed on April 14, 2011 as "court-only", indicating that Plaintiff had filed, and subsequently voluntarily withdrawn, a petition for Chapter 11 bankruptcy in the Southern District of Florida. (Doc. No. 26.) The letter, which was apparently submitted by an individual named Kevin McKeown, who claimed to be Plaintiff's assignee in the event of Plaintiff's death or incapacity, requested that "all matters be stayed until all determinations by the Southern District of Florida are clearly rendered by a final order dismissing [Plaintiff's] petition so as to allow [Plaintiff] to proceed." *Id.*) The record does not reveal a formal implementation of a stay of any kind.

objections to the October 11 R&R, and the time to do so has expired. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).[5]

## II. DISCUSSION

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, if a court refers a dispositive motion to a magistrate judge, the "magistrate judge must enter a recommended disposition," also known as a report and recommendation. Fed. R. Civ. P. 72(b)(1). Absent objections, a court may accept any finding or recommendation in a report that is not clearly erroneous. *See Edwards v. Mazzuca*, No. 00 Civ. 2290 (RJS) (KNF), 2007 WL 2994449, at *1 (S.D.N.Y. Oct. 15, 2007) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985)). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 235, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). When a party properly makes objections to a finding or recommendation, however, the court must review those findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

With respect to the October 18 R&R, no party has filed timely objections, and the time to do has expired. After reviewing the record, the Court finds that Judge Yanthis's well-reasoned October 18 R&R is not clearly erroneous. Accordingly, the Court adopts the October 18 R&R in its entirety. Moreover, even if the Court were to consider Plaintiff's December 8, 2010

---

[5] The Court has made repeated attempts to serve Plaintiff with the October 11 R&R – all unsuccessful. The docket indicates that at least two attempts were made to mail the R&R to Plaintiff at two different addresses. (*See* Docket Entry October 28, 2013 and Docket Entry on December 2, 2013.) Both times the letters were returned as undeliverable. The law is clear that it is the litigant's responsibility to inform the Court and opposing parties of a change in address. *See, e.g., Gillespie v. AST Sportswear, Inc., et al.*, No. 97 Civ. 1911 (PKL), 1999 WL 1080173, at *1 (S.D.N.Y. Dec. 1, 1999) ("Each party has an obligation to leave a forwarding address or otherwise stay in contact with the Court to ensure that he receives and responds to any Court order."); *Am. Arbitration Ass'n, Inc. v. Defonseca, et al.*, 93 Civ. 2424 (CSH), 1997 WL 102495, at *2 (S.D.N.Y Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."). Moreover, failure to so inform the Court is itself a basis for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b); *see also Gautam v. New York City's Mayor's Office of Operation*, No. 92 Civ. 1014 (SAS), 1996 WL 422264, at *1 (S.D.N.Y. July 19, 1996) (granting Rule 41(b) motion where three-year delay resulted from plaintiff's failure to provide court or defendants with his new address).

3

objections as timely made, they would still not merit a different conclusion. For the most part, Plaintiff's objections do little more than restate her previous arguments and/or offer conclusory assertions of error on the part of Magistrate Judge Yanthis. Although *pro se* filings are generally accorded leniency, where a *pro se* party's objections to a report and recommendation are "conclusory or general," or where a plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)). Moreover, to the extent that Plaintiff did raise specific objections to the R&R's findings with reference to (1) the "Notice of Claim" exhaustion requirement; (2) the statute of limitations; and (3) municipal liability pursuant to 42 U.S.C. § 1983, the Court finds that even under a *de novo* review of these portions of the R&R it would reach the same result.

With respect to the October 11 R&R, no party has filed objections – timely or otherwise – and the time to do so has expired. After reviewing the record, the Court find that Judge Yanthis's well-reasoned October 11 R&R is not clearly erroneous. Accordingly, the Court adopts the October 11 R&R in its entirety.

### III. CONCLUSION

As set forth above, the Court adopts both R&Rs in their entirety and, for the reasons set forth therein, GRANTS Defendants' motions to dismiss all of Plaintiff's claims. The Clerk of Court is respectfully requested to terminate the motions pending at docket numbers 9, 21, and 23, and to close this case.

SO ORDERED.

Dated: February 24, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4